**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 14-cv-03112-MSK**

**In re: MARK S. MILLER and JAMILEH MILLER**

    **Debtors/Appellants.**

---

**Civil Action. No. 14-cv-02707-MSK**

**MARK S. MILLER, and
JAMILEH MILLER,**

    **Plaintiffs,**

**v.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY,
ARAPAHOE COUNTY PUBLIC TRUSTEE OFFICE,
ARONOWITZ & MECKLENBERG,
SUSAN HENDRICK,
STACEY ARONOWITZ,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM,
ONEWEST BANK, FSB,
JUSTIN ROCK, and
BARBARA CAMPBELL,**

    **Defendants.**

---

**Civil Action No. 14-cv-02709-MSK**

**MARK S. MILLER, and
JAMILEH MILLER,**

    **Plaintiffs,**

**v.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY,
ARONOWITZ & MECKLENBURG, LLP, and
ONEWEST BANK F.S.B.,**

    **Defendants.**

---

**OPINION AND ORDER ON APPEAL
AND GRANTING MOTIONS TO
WITHDRAW THE REFERENCE**

**THIS MATTER** comes before the Court on the Debtors' *pro se*[1] appeal of the United States Bankruptcy Court for the District of Colorado's October 30, 2014 Order in which the Bankruptcy Court *sua sponte* dismissed the Debtors' Chapter 13 bankruptcy case, 10-BK-25453-MER. (Case No. 14-cv-03112-MSK). Also before the Court are the Debtors' Motions to Withdraw the Reference in two related adversary proceedings. (14-cv-02707-MSK and 14-cv-02709).[2] The Court addresses them all in one ruling because they are interrelated.

In reviewing these matters, the Court has considered the designated record in the bankruptcy appeal, as well as the written arguments submitted by the Debtors on appeal and in their Motions to Withdraw. Exercising jurisdiction pursuant to 28 U.S.C. § 158, the Court **AFFIRMS** the Bankruptcy Court's October 30, 2014 Order of Dismissal, **GRANTS** the Motions to Withdraw the Reference in Case Nos. 14-cv-02707 and 14-cv-02709, and **DISMISSES** the adversary proceedings for lack of subject matter jurisdiction.

---

[1] The Court is mindful of the Debtors' *pro se* status, and accordingly, reads their pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other such defects in the Debtors' use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relive the Debtors of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Debtors according to the same standards as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[2] No response was filed to either the Debtors' Opening Brief **(#16)** on appeal or their Motions to Withdraw the Reference.

### I. Procedural Background

**A. The Main Bankruptcy Case**

In June 2010, after Deutsche Bank National Trust Company (Deutsche Bank) brought a foreclosure action against their property in state court, the Debtors filed a Chapter 13 bankruptcy petition. Upon the filing of their petition, an automatic stay entered, halting the foreclosure proceedings. On October 7, 2010, Deutsche Bank moved for relief from the stay to permit foreclosure. In its motion, Deutsche Bank recited that it was the current owner of a promissory note (the Note) executed by the Debtors in 2006 and the deed of trust (the Deed of Trust) securing the Note and assigning a security interest in the Debtors' property to the public trustee of Arapahoe County, Colorado.

The Debtors responded to the motion in two ways. First, they filed an adversary proceeding (discussed below), in which they accused Deutsche Bank and others of initiating a fraudulent foreclosure action and fraudulently seeking relief from stay. Second, they objected to the motion for relief from stay, arguing that Deutsche Bank was not the proper party in interest and lacked standing.[3] Both positions were based on assertions that Deutsche Bank had not produced the original Note or proved that it was in possession of the Note and therefore had not established that it had a right to payment.

At a hearing on the motion for relief from stay, counsel for Deutsche Bank proffered copies of the Note and Deed of Trust and represented that the originals had been requested. The

---

[3] The Bankruptcy Code provides that "[o]n request of a party in interest after notice and a hearing, the court shall grant relief from the stay" if the party in interest has made the appropriate showing to obtain relief. 11 U.S.C. § 362(d). The Code does not define "party in interest" for purposes of this section. Courts have concluded, however, that in order to invoke the court's power to award relief under § 362(d), a party must be either a creditor or a debtor of the bankruptcy estate. *See In re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012). According to the Code, a "creditor" includes an "entity that has a claim against the debtor," and a "claim" is a "right to payment." 11 U.S.C. §§ 101(10)(a) and 101(5)(A).

Bankruptcy Court granted Deutsche Bank relief from the stay to proceed with foreclosure. The Bankruptcy Appellate Panel (BAP) affirmed the Bankruptcy Court's order, and the Debtors appealed to the Tenth Circuit Court of Appeals. The Court of Appeals reversed, concluding that Deutsche Bank had not met its burden of proof to establish that it was a party in interest entitled to seek and obtain relief from the stay. The Court of Appeals explained that because Deutsche Bank had offered no proof that it had physical possession of the original Note, it had failed to show that it was the current holder of the Note with a right to payment. The case was remanded to the Bankruptcy Court for further proceedings.

In October 2012, the Bankruptcy Court received additional evidence, including the original Note held by Deutsche Bank. The Debtors challenged the authenticity of the documents produced by Deutsche Bank, but the Bankruptcy Court rejected their arguments. Upon consideration of the new evidence, the Bankruptcy Court concluded that Deutsche Bank had sufficiently demonstrated its standing as a party in interest and was entitled to relief from the stay. The BAP and the Tenth Circuit Court of Appeals affirmed the Bankruptcy Court's order. The Court of Appeals issued its opinion on August 29, 2014.

While litigating the motion for relief from stay, the Debtors proposed five unsuccessful plans of reorganization. On July 29, 2011, the Debtors filed a sixth amended plan. The Bankruptcy Court ordered that the confirmation issues with regard to that plan be held in abeyance, pending resolution of the earlier-filed adversary proceeding (which itself was held in abeyance pending resolution of the motion for relief from stay).

On September 12, 2014, after the motion for relief from stay was finally resolved, the Bankruptcy Court determined that it was appropriate to proceed with the Debtors' Chapter 13 case. The Bankruptcy Court reviewed the Debtors' proposed plan filed in July 2011 and

determined that the plan was not confirmable. It ordered the Debtors to file an amended plan no later than September 29, 2014.

The Debtors failed to file an amended plan as directed. On October 30, 2014, the Bankruptcy Court dismissed the bankruptcy case, finding that the Debtors had willfully violated a court order, and barred the Debtors from refiling a bankruptcy petition for 180 days pursuant to 11 U.S.C. § 109(g).

The Debtors appeal from the Bankruptcy Court's October 30, 2014 Order of dismissal.

### B. The Adversary Proceedings

As noted above, the Debtors filed an adversary proceeding in response to Deutsche Bank's motion for relief from stay. *See* Bank. Case. No. 10-ap-01757. The complaint in this proceeding asserts claims sounding in fraud and conspiracy against Deutsche Bank, Aronowitz & Mecklenburg, LLP, and One West Bank, F.S.B.[4] The complaint alleges that the Defendants committed fraud by filing an "illegal foreclosure" and that they conspired to perpetuate a "false Original Note Scam" in order to steal the Debtors' property. It further alleges that the Defendants committed fraud on the Bankruptcy Court by seeking relief from the automatic stay because Deutsche Bank is not the holder of the Note.

The Defendants moved to dismiss the claims against them, arguing that the Debtors failed to state a claim for relief. The Bankruptcy Court reserved ruling on the motion pending a resolution of the motion for relief from stay in the main case.

In July 2014, the Debtors filed a second adversary proceeding (discussed below) against the same Defendants named in this proceeding. Upon the filing of the second adversary proceeding, the Bankruptcy Court issued an order to show cause as to why this proceeding

---

[4] The complaint, as filed, also asserted claims against CitiMortgage, Inc. Those claims were subsequently dismissed by the Bankruptcy Court.

5

should not be dismissed as moot. In response, the Debtors immediately filed a Motion to Withdraw of Reference, seeking to have the case transferred to this Court. In light of the Debtors' motion to withdraw, the Bankruptcy Court discharged the order to show cause and continued to hold the case in abeyance. The Motion to Withdraw is currently before this Court.

On July 16, 2014, while their appeal of the order on the motion for relief from stay was pending, the Debtors filed a second adversary proceeding. *See* Bank. Case No. 14-ap-01369. The complaint in this proceeding names the same Defendants as in the first adversary proceeding, as well as six additional ones. Like the first adversary proceeding, the complaint here appears to assert claims of fraud and conspiracy, as well as claims for negligent misrepresentation, malicious prosecution, racketeering, unjust enrichment, extreme and outrageous conduct, and violation of the Fair Debt Collection Practices Act. The complaint alleges that the Defendants used and conspired to use fraudulent mortgage documents in "illegal foreclosure" and eviction proceedings against the Debtors and their property.

On August 6, 2014, the Debtors filed a Motion to Withdraw the Reference in this proceeding as well. That Motion is also currently before this Court.

## II. Standard of Review

When sitting in an appellate capacity, the Court has the authority to affirm, reverse, modify, or remand the Bankruptcy Court's ruling. 28 U.S.C. § 158(a). The Court reviews the Bankruptcy Court's legal determinations *de novo* and its factual findings for clear error. *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010). Where the issue on appeal involves a matter within the Bankruptcy Court's discretion, the Bankruptcy Court's order will be set aside only upon a showing of an abuse of discretion. *See Joseph v. Lindsey (In re Lindsey)*, 229 B.R. 797, 799 (10th Cir. BAP 1999). An abuse of discretion occurs when the court's decision is arbitrary,

capricious or whimsical, or results in a manifestly unreasonable judgment. *See Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994). Thus, this Court will not disturb the Bankruptcy Court's decision unless it has "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.*

### III.  Discussion

#### A.  Appeal from the Order of Dismissal

The Debtors present two arguments challenging the dismissal of their Chapter 13 bankruptcy case. First, they argue that the Bankruptcy Court erred in dismissing their case because they never received a copy of the Bankruptcy Court's order directing them to file an amended plan. Second, they argue that the Bankruptcy Court abused its discretion in dismissing the case while their motions to withdraw were pending.

*1. Lack of Notice*

The Court understands the Debtors to be making two separate arguments with regard to their assertion that they never received a copy of the September 12, 2014 order. Their first argument is that they were not given proper notice and therefore dismissal of the case violated their due process rights. The Court rejects this argument.

The record shows that the September 12, 2014 order was mailed to the Debtors on September 14, 2014 at their address of record in Centennial, Colorado. The address where the order was sent is the same address that the Debtors have included on all of their bankruptcy filings. Interestingly, the Debtors make no mention that they did not receive the subsequent order of dismissal, and indeed, they timely filed this appeal. When mail is properly addressed, stamped, and deposited in the mail, there arises a rebuttable presumption that the mail was received by the party to whom it as sent. *See Crude Oil Corp. v. Comm'r*, 161 F.2d 809, 810

7

(10th Cir. 1947). The burden is on the Debtors to rebut the presumption. This raises a factual issue that was not presented to the Bankruptcy Court. Nevertheless, the Court finds that the Debtors' bare assertions of non-receipt are insufficient, as matter of law, to overcome the presumption of delivery. *See United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007); *see also McCarthy v. Option One Mortg. Corp.*, 362 F.3d 1008, 1012 (7th Cir. 2004).

The Debtors second argument is a challenge to the Bankruptcy Court's finding of willfulness, which resulted in imposition of the 180-day bar to refiling under § 109(g). This argument is moot. The Bankruptcy Court's Order of dismissal was entered on October 30, 2014, and therefore, the 180-day bar expired by its own terms in April 2015. Expiration of the 180-day bar moots any challenge to the specific findings that triggered application of the bar. *See In re Frieouf*, 938 F.2d 1099, 1104 (10th Cir. 1991); *see also Travelers Ins. Co. v. Don-Lin Farms*, 90 B.R. 48 (W.D.N.Y. 1988).

*2. Pending Motions to Withdraw in Adversary Proceedings*

Next, the Debtors argue that the Bankruptcy Court abused its discretion "by dismissing the case during the pendency of a motion for withdrawal of the bankruptcy case and pending adversary proceedings." The Debtors argue that the Bankruptcy Court should have waited for instructions from this Court before dismissing the case because the entire bankruptcy case was going to be transferred.

As a preliminary matter, the Court notes that the Debtors appear to be operating under the mistaken assumption that if the motions to withdraw were granted (which they had not been at the time of dismissal), then the entire Chapter 13 case would be transferred to this Court. However, the motions to withdraw were filed only in the adversary proceedings, and even if the motions were granted, the Bankruptcy Court's jurisdiction over the main Chapter 13 case would

remain intact for purposes of estate administration.  *See Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 726 n.1 (4th Cir. 200) ("'Adversary proceeding' is a term of art used in bankruptcy practice for a lawsuit brought *within* a bankruptcy proceeding for one or more of the reasons specified in Bankruptcy Rule 7001." (emphasis added)).

With that observation in mind, the Court understands the Debtors to argue that dismissal of the case while the motions to withdraw were pending was an abuse of discretion because dismissal of the bankruptcy case could result in termination of the adversary proceedings.

The Court sees no abuse of discretion.  The September 12, 2014, Order indicates that the Bankruptcy Court considered the docket and pending matters and determined that it was appropriate to proceed with the Chapter 13 case.  Although both adversary proceedings were pending at the time, a review of the adversary proceedings shows that whatever impact the dismissal might have on the proceedings would not prejudice the Debtors.  Although the complaints in the adversary proceedings assert numerous (albeit mostly conclusory) allegations and claims, at the heart of each claim is an argument that Deutsche Bank does not have a right to payment.  This argument is premised on the factual allegation that the mortgage documents held by Deutsche Bank, including the original Note, are fraudulent.  These issues have been raised many times by the Debtors and were finally determined in the resolution of the motion for relief from stay.  Presumably, the Debtors are estopped from re-litigating these issues.  Thus, under the circumstances here, the Bankruptcy Court did not abuse its discretion in dismissing the case for willful violation of a court order, despite the fact that the motions to withdraw were pending in the adversary proceedings.

### B. Motions to Withdraw the Reference

Having concluded that the Bankruptcy Court did not abuse its discretion in dismissing the main bankruptcy case, the Court turns to the Motions to Withdraw the Reference in the pending adversary proceedings. Here, the Court is confronted with a jurisdictional issue — in light of the dismissal of the underlying bankruptcy case, does this Court[5] have subject matter jurisdiction to determine the adversary proceedings? The answer is no.

District courts have original but not exclusive jurisdiction over matters "arising under," "arising in," or "related to" a case under Title 11. 28 U.S.C. § 1334(b). A matter is "related to" a case under Title 11 if it can exist independently of the bankruptcy case (*i.e.* could have been brought in district court or state court), but the outcome could conceivably have an effect on the estate being administered in bankruptcy. *See Personette v. Kennedy*, 204 B.R. 74, 771 (10th Cir. BAP 1997); *In re Colo. Energy Supply, Inc.*, 728 F.2d 1283, 1286 (10th Cir. 1984). These adversary proceedings are "related to" proceedings. They do not depend on the bankruptcy case for their existence and they could have been brought as independent cases.

The Tenth Circuit follows the general rule that when the underlying bankruptcy case is dismissed, a "related to" proceeding should also be dismissed. *See In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009); *see also Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162-63 (2d Cir. 1995); *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201 (5th Cir. 1993); *Smith v. Commercial Banking Corp. (In re Smith)*, 866 F.2d 576, 580 (3d Cir. 1989).

---

[5] This Court has original jurisdiction over bankruptcy cases and matters arising in, under, and related to bankruptcy cases. 28 U.S.C. § 1334. The Bankruptcy Court's jurisdiction comes by referral by the District Court. Thus, to resolve the question of subject matter jurisdiction in the most efficient manner, the Court finds it appropriate to withdraw the reference to the Bankruptcy Court in both adversary proceedings.

However, dismissal is not automatic. In some circumstances, there may be an independent basis for the exercise of federal jurisdiction. Or, the adversary proceedings could be viewed as being analogous to circumstances where a federal court exercises pendant jurisdiction over state claims in a federal lawsuit after the federal claim is dismissed. *See, e.g., Porges*, 44 F.3d at 162; *Querner*, 7 F.3d at 1202. Viewed in that light, courts consider four factors in deciding whether to retain jurisdiction over adversary proceedings following dismissal of the underlying bankruptcy case: judicial economy, convenience to the parties, fairness, and comity.

Here, the issues raised in the adversary proceedings have been addressed and resolved by several courts. The protracted litigation over these issues[6], the interests of judicial economy, and fairness to all parties including the Debtors' creditors do not justify retention of federal jurisdiction. Accordingly, the Court applies the general rule and dismisses both adversary proceedings.

---

[6] The record does not reveal whether the foreclosure process was completed after relief from stay was obtained. If so, question of the interest of the foreclosing party in the Promissory Note and under the Deed of Trust may well be moot.

## IV.  Conclusion

For the forgoing reasons, the Bankruptcy Court's October 30, 2014 Order dismissing the Debtors' Chapter 13 bankruptcy case is **AFFIRMED** (Case No. 14-cv-03112-MSK).  The Motions to Withdraw the Reference in Case Nos. 14-cv-02707-MSK and 14-cv-02709-MSK are **GRANTED**.  The references to the Bankruptcy Court are **WITHDRAWN**, and all claims are **DISMISSED** for lack of subject matter jurisdiction.

Dated this 7th day of August, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge